## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN P. DULLEA, | Civil No. 14-5108 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| PENSION BENEFIT GUARANTEE [1] CORPORATION, | |
| Defendant. | |

John P. Dullea, 1273 270th Avenue, Halstad, MN 56548, plaintiff *pro se*.

Nicole Hagan and Sarah J. Humphrey, **PENSION BENEFIT GUARANTY CORPORATION**, 1200 K Street NW, Washington, D.C. 20005, for defendant.

Pensioner John Dullea ("Dullea") filed the present action against the Pension Benefit Guaranty Corporation ("PBGC"), alleging pension-related violations of various state and federal laws. PBGC believes venue is improper and moved that the Court either dismiss or transfer the case. On June 16, 2015, United States Magistrate Judge Leo I. Brisbois issued a Report & Recommendation ("R&R") recommending that the Court transfer Dullea's case because Dullea's pension plan has no office in this District or any other. Dullea now objects to the R&R largely because PBGC has not produced affirmative proof that the Dullea Plan's principal office has closed. The Court finds that

---

[1] The complaint misspells the second word in PBGC's name as "Guarantee." The correct spelling is "Guaranty." (*Compare* Compl. at 1, Dec. 31, 2014, Docket No. 1 ("Guarantee"), *with* Def. PBGC's Mot. to Dismiss or Transfer Venue and Mot. to Strike at 1, 2, 3, Mar. 25, 2015, Docket No. 9 ("Guaranty").)

the principal office is necessarily closed because the Plan has been terminated and PBGC has been made trustee.  The Court will therefore overrule Dullea's objections, adopt the R&R, and grant PBGC's motion to transfer.

**BACKGROUND**

Dullea and his wife divorced in 1995 while he was a participant in the Dullea Company Pension Plan & Trust ("Dullea Plan").  (Compl. ¶¶ 3, 5, Dec. 31, 2014, Docket No. 1; *see also* Dullea Exs. at 106., Mar. 30, 2015, Docket No. 17.)  Dullea states that his pension assets were improperly divided by the initial divorce decree, but that a subsequent Minnesota state court order issued in February 2012 remedied or partially remedied his concerns.  (*Id.* ¶¶ 5-6; *see also id.* at 9, ¶ 1.)  PBGC became responsible for the Dullea Plan in 2007 but refused to recognize – or "qualify," in ERISA parlance – the February 2012 order.  (*Id.* ¶ 16; *id.* at 9, ¶ 1.)  Thus, PBGC apparently continues to enforce the initial divorce decree, which Dullea believes improper.

On December 31, 2014, Dullea filed the present action against PBGC, alleging that PBGC's refusal to qualify the February 2012 order constituted a violation of three federal laws and Minnesota law governing marriage dissolution.  (*Id.* ¶ 1.)  Dullea asks the Court to compel PBGC to qualify the order and to grant relief for "potential pendant issues" and "such other claims that may arise."  (*Id.* at 9, ¶¶ 1-3.)

PBGC moved the Court to dismiss Dullea's complaint for improper venue or, in the alternative, to either transfer venue to the United States District Court for the District of Columbia ("D.D.C.") or strike two of Dullea's three requests for relief.  (Def. PBGC's Mot. to Dismiss or Transfer Venue or Strike, Mar. 25, 2015, Docket No. 9.)  The

Magistrate Judge issued an R&R recommending that the Court deny the motion to dismiss, grant the motion to transfer venue, and deny as moot the motion to strike. (Order and R&R ("R&R") at 9, June 16, 2015, Docket No. 24.) The R&R concluded that the United States District Court for the District of Minnesota is not the appropriate court because the Dullea Plan's former Minnesota office is now closed, and that transfer to the D.D.C. is a better remedy than dismissal because transfer might allow for adjudication on the merits. (*Id.* at 8.) The R&R also recommended the Court deny the motion to strike as moot because if the Court were to transfer the case, the D.D.C. would be the appropriate court to entertain that motion. (*Id.* at 2-3, 8.)

Dullea timely objected to the R&R. (Pl.'s Obj. to U.S. Magistrate Judge Leo I. Brisbois' Recommendation ("Objs."), June 30, 2015, Docket No. 25.) Dullea also filed an "additional explanation of objections." (Pl.'s Additional Explanation of Objs. ("Additional Objs."), July 29, 2015, Docket No. 30.)[2]

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine *de novo* any part of the magistrate judge's disposition that

---

[2] Dullea's additional objections were filed late, after the June 30th deadline. (Additional Objs.) The Court will nonetheless discuss those objections; Dullea is a *pro se* litigant. *Cf. Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (holding *pro se* litigants to a lesser standard than other parties for purposes of pleading).

has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). General objections or arguments already presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (collecting cases); Fed. R. Civ. P. 72 advisory committee's note, subdiv. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.   DULLEA'S OBJECTIONS

Dullea makes three specific objections to the R&R's venue analysis. The Court will review each objection *de novo*.[3] First, Dullea argues that PBGC failed to meet its burden in attempting to show that the Dullea Plan's principal office is closed. (Additional Objs. at 5.) Venue for an action against PBGC lies (1) in a district where there are ongoing related proceedings, (2) in the district where "the plan has its principal office," or (3) in the D.D.C. 29 U.S.C. § 1303(f)(2). Thus, if a plaintiff initiates litigation in a district where a plan's former office once existed but is now closed, and there are also no ongoing related proceedings, then venue is only appropriate in the D.D.C. *United Steel, Paper & Forestry v. Pension Benefits Guar. Corp.*, 602 F. Supp. 2d

---

[3] Dullea's objections are not always clear, but the Court has thoroughly reviewed all of his filings and arguments.

1115, 1119 (D. Minn. 2009).  A plan's principal office is necessarily closed for purposes of § 1303(f)(2) if it has been terminated.  *Lewis v. Pension Benefit Guar. Corp.*, No. 1:14-03838, 2015 WL 5577377, at *3 (N.D. Ga. Aug. 11, 2015) ("[O]nce an ERISA plan is terminated, the plan no longer has a principal office."); *Senick v. PBGC*, No. 14-1911, 2014 WL 6891360, at *1 (E.D. Pa. Dec. 8, 2014) ("Because the Plan has been terminated and transferred to PBGC as statutory trustee, the Plan no longer has a principal office in Bethlehem, Pennsylvania."); *Stephens v. United States Airways Grp., Inc.*, No. 4:00-144, 2007 U.S. Dist. LEXIS 98665, at *6 (N.D. Ohio June 28, 2007) (stating that a terminated plan "consequently no longer has a 'principal office'").

Here, Dullea argues that PBGC has not shown that the Dullea Plan's principal office is not located in Minnesota.  But public records available on PBGC's website state that the plan was terminated on January 31, 2002, and that PBGC became trustee on August 15, 2007.  *DULLEA CO PP & TRUST*, PBGC, http://www.pbgc.gov/wr/trusteed/plans/plan-20904000.html (last visited Nov. 6, 2015).  Dullea even concedes that the plan has been terminated and that PBGC is now trustee:  He admits that "the instant [case]" is one of "a terminated plan."  (Additional Objs. at 5-6.)  He states that "I never disagreed" that "PBGC was the trustee of the Plan."  (*Id.*)  And he acknowledges that "PBGC became responsible for the Dullea Plan . . . as of . . . 2007."  (Compl. ¶ 9.)  Therefore the Dullea Plan does not have a primary office, not in Minnesota, and not in any other district.

Dullea's primary argument to the contrary is that it is PBGC's burden to prove that the office is closed.  (Additional Objs. at 5; *see also* Objs. at 1.)  But PBGC has done

- 5 -

enough.  In every case that this Court has been made aware of, courts have held that evidence that a plan has been terminated necessarily indicates that the plan has no principal office.  *See, e.g.*, *Lewis*, 2015 WL 5577377, at *3; *Senick*, 2014 WL 6891360, at *1; *Stephens*, 2007 U.S. Dist. LEXIS 98665, at *6.  This Court finds no reason to conclude otherwise.

Dullea's next argument is that PBGC is only responsible for part of the Dullea Plan and not the "trust" portion, suggesting that the entirety of the plan has not been terminated and some non-PBGC entity is managing the remaining portion of the plan out of an unidentified office somewhere in Minnesota.  (Objs. at 2-3.)  If this were true, this fact would likely nonetheless be immaterial to the present case because Dullea has brought claims only against PBGC.  (*See* Compl. ¶ 1.)  Nevertheless, there is nothing to indicate that PBGC took trusteeship over anything less than one-hundred percent of the Dullea Plan.  (*See DULLEA CO PP & TRUST*, *supra* (titling the plan as "PP **& TRUST**" (emphasis added)).)

Finally, Dullea argues that venue in Minnesota is proper because of 29 U.S.C. § 1132(e)(1), which authorizes certain ERISA-related actions in state and federal courts.  (Additional Objs. 5-6.)  But the present action is against PBGC, and ERISA dictates that the venue provisions at issue here "shall be **the exclusive means** for bringing actions against [PBGC] . . . , including actions against [PBGC] in its capacity as a trustee."  29 U.S.C. § 1303(f)(4) (emphasis added).

For these reasons, the Court will overrule Dullea's objections and adopt the R&R.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Dullea's objections [Docket Nos. 25 and 30] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 16, 2015 [Docket No. 24].  **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss, or in the alternative, Transfer Venue, and Motion to Strike [Docket No. 9] is **GRANTED in part** and **DENIED in part**, as follows:

    a. Defendant's Motion to Dismiss is **DENIED.**

    b. Defendant's Motion to Transfer Venue is **GRANTED.**

    c. Defendant's Motion to Strike is **DENIED as moot**.

2. The Clerk of the Court is **DIRECTED TO TRANSFER** this case to the United States District Court for the District of Columbia.

DATED:  November 20, 2015  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court